UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MARCUS KYLE MINOR,                          )<br>                                                )<br>              Plaintiff,                       )<br>                                                )<br>vs.                                             )<br>                                                )<br>1. BENCHMARK RECOVERY, INC.                    )<br>2. JEFF LASNIER a/k/a ROBERT THORN,             )<br>Individually and                                )<br>4. JANE DOE, a/k/a CHRISTINA DURST,             )<br>Individually and                                )<br>5. BANK OF THE WEST, f/k/a COMMERCIAL           )<br>FEDERAL BANK, FSB,                              )<br>                                                )<br>              Defendants.                      )  | Case No. CIV-10-39-L |

## COMPLAINT
### (Jury Trial Demanded)

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and the Oklahoma Consumer Protection Act, 15 O.S. § 752 *et seq.* and other common law remedies.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

### III. PARTIES

3. Plaintiff, MARCUS KYLE MINOR, is a natural person residing in the State of Oklahoma and therefore is an Oklahoma resident.

4. Defendant, BENCHMARK RECOVERY, INC., (hereinafter "BENCHMARK"), is a Washington Company engaged in the business of collecting debts in this state and other states with its principal place of business located at 1000 SE Everett Mall Way, Ste. 222, Everett

Washington, 98213. BENCHMARK, is in the business of collection of debts using the mails and telephone and said Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, JEFF LASNIER a/k/a ROBERT THORN (hereinafter "THORN"), is an agent and employee of BENCHMARK and is engaged in collection of debts for his employer. THORN is with the legal department of BENCHMARK.

6. Defendant, JANE DOE, a/k/a CHRISTINA DURST, ("DURST") is an agent and employee of BENCHMARK and is engaged in collection of debts for her employer. DURST is with the legal department of BENCHMARK.

7. Defendant, BANK OF THE WEST, f/k/a COMMERCIAL FEDERAL BANK, FSB, (hereinafter "BANK OF THE WEST") is a regional financial services company engaged in extension of credit to consumers. It is owned by BNP Paribas, a global financial services institution.

## IV. – FACTUAL ALLEGATIONS

8. In September, 2003, Plaintiff, MARKUS KYLE MINOR, entered into a consumer reserve line credit agreement with Commercial Federal Bank, FSB. Plaintiff was given notice that said reserve line of credit was terminated on or about September 20, 2005.

9. Commercial Federal Bank was acquired by Defendant, BANK OF THE WEST in 2005. Defendant, BANK OF THE WEST, hired BENCHMARK to collect a debt allegedly owed by the Plaintiff, MARKUS KYLE MINOR on the reserve line credit agreement.

10. On October 31, 2007, BENCHMARK sent a facsimile to Plaintiff's employer requesting employment verification of the Plaintiff. In that facsimile, BENCHMARK disclosed that it was attempting to collect a debt. A copy of said facsimile is attached as Exhibit "1".

11. On or about November 7, 2007 Plaintiff sent a letter to BENCHMARK indicating the debt for Bank of the West was not his debt. He was never advised that BENCHMARK acquired the reserve line credit agreement and now owned the alleged indebtedness. He requested verification of the debt. Said letter was sent by certified mail. A copy of said letter is attached as Exhibit "2". Verification/validation of the alleged debt was never provided.

12. On or about April 23, 2009 Defendant, THORN, sent a letter to the Plaintiff entitled "FINAL NOTICE". Said letter was post-marked April 24, 2009. Said letter indicated that the original client was Bank of the West, not Commercial Federal Bank, FSB. Said letter threatened to "take the necessary actions available to us by law" if the debt was not resolved in full prior to April 30, 2009. Said letter made abusive threats to the Plaintiff by informing him that his lack of response had been noted and that BENCHMARK had researched into the assets of the Plaintiff and said assets had been verified. Said letter contained no necessary FDCPA warnings that it was a communication from a debt collector. A copy of said letter is attached as Exhibit "3".

13. On April 27, 2009 Plaintiff make a telephone call to the offices of BENCHMARK and left two (2) messages for Defendant, THORN, again requesting verification/validation of the alleged debt.

14. Not hearing from BENCHMARK, on April 28, 2009 Plaintiff make a telephone call to the offices of BENCHMARK and was thereafter sent an e-mail.

15. On April 29, 2009 Plaintiff sent an e-mail to THORN at the offices of BENCHMARK. Again, he indicated the debt BENCHMARK was attempting to collect was not his debt. He again requested documentation showing his signature on any documents making up said indebtedness. Verification/validation of the alleged debt was never provided.

16. On April 30, 2009 Plaintiff received an e-mail from THORN advising Plaintiff's account was being "processed accordingly" and that Plaintiff's concerns would be "addressed appropriately in the proper venue at this point". THORN claimed Plaintiff made a habit of attempting to resolve his responsibility on other debts by claiming identity fraud and demanding exorbitant proof. Further, THORN claimed Plaintiff was "manipulating the system". THORN ensured "...a clarified outcome to this situation by allowing the legal process to take its course". Said e-mail contained no necessary FDCPA warnings that it was a communication from a debt collector. A copy of said e-mail is attached as Exhibit "4".

17. Plaintiff responded to the e-mail of April 30, 2009 denying he had claimed identity

3

theft on any other issue. He requested no further contact until verification records had been assembled. Verification/validation of the alleged debt was never provided. A copy of said e-mail is attached as Exhibit "5".

18. Defendant, THORN, responded to Plaintiff's e-mail indicating the FDCPA entitled him to respond to the request to cease communication. Further, Defendant, THORN stated the Plaintiff could "...stop with the posturing letters and email now". THORN indicated that the Plaintiff would be given ample opportunity "...to state your case in a proper legal venue". Defendant, THORN, further stated: "Be advised any further communications from my office will be of a legal nature only". A copy of said e-mail is attached as Exhibit "6". Said e-mail contained no necessary FDCPA warnings that it was a communication from a debt collector.

19. Plaintiff received a letter dated May 11, 2009 from Defendant, DURST. It made demand for payment in the amount of $1,129.13. Said letter demanded payment "...otherwise we will have no choice but to file suit to recover our losses". A copy of said letter is attached as Exhibit "7". Said letter contained no necessary FDCPA warnings that it was a communication from a debt collector.

20. To date, there has been no legal action to collect the indebtedness allegedly owed to Defendant, BANK OF THE WEST.

21. That the Defendant, BANK OF THE WEST, has a duty to exercise care in selecting, instructing and supervising the debt collection firms they hire to collect consumer debts to make certain their debt collectors were following federal mandates set out under the FDCPA. That said Defendant has breached that duty of care.

22. That the Defendant, BANK OF THE WEST was negligent in that it should have been aware of the malicious actions of the Defendants, BENCHMARK, THORN and PHILLILPS in collection of the consumer debts assigned to them to collect. That Defendant, BANK OF THE WEST should have known that its debt collectors were not following federal mandates set out under the FDCPA in collection of its debts. Said negligence of BANK OF THE WEST violated the duty of care owed to Plaintiff and has caused him damages.

23. That the actions of Defendant, BANK OF THE WEST as described above were done negligently, intentionally and maliciously with the purpose of inflicting severe emotional distress on the Plaintiff.

24. That the actions of Defendant, BANK OF THE WEST violated the Oklahoma Consumer Protection Act in that they were and are a deceptive and unfair trade practice which offends established public policy, are immoral, unethical, oppressive, unscrupulous and substantially in injurious to consumers such as the Plaintiff.

## V. – COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-four (24) above listed.

26. Defendants, BENCHMARK, THORN and DURST, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. §1692b(2) by advising a third party that the Defendants were attempting to collect a debt.

    (b) The Defendants violated 15 U.S.C. §1692g by failing to provide the necessary warnings required by the FDCPA.

    (c) The Defendants violated 15 U.S.C. §1692g(a) by failing to provide the required FDCPA notices within three (3) days of the initial contact.

    (d) The Defendants violated 15 U.S.C. §1692g(b) as the Defendants were notified in writing by the Plaintiff that the debt was disputed and that validation was requested. Defendants failed to cease communications to collect the debt until verification was provided.

    (e) The Defendants violated 15 U.S.C. §1692e(11) by failing to provide the necessary warnings required by the FDCPA in each subsequent communication that said communication was from a debt collector.

    (f) The Defendants violated 15 U.S.C. §1692g(b) as the Defendants were notified in

writing by the Plaintiff that the debt was disputed and that validation was requested. Defendants failed to validate the debt.

(g) The Defendants violated 15 U.S.C. §1692c(c) by failing to cease communications when advised in writing that the Plaintiff wishes the debt collector to cease further communications.

(h) The Defendants violated 15 U.S.C. §1692e(4) by contacting the Plaintiff and on numerous occasions threatening legal action when they had no intention of doing so.

(i) The Defendants violated 15 U.S.C. §1692f(1) by attempting to collect more than was legally owed (i.e. ".... your responsibility pertaining to court costs and legal fees in this situation as they are usually substantial").

(j) The Defendants violated 15 U.S.C. §1692d by engaging in conduct which the natural consequences of which was to harass, oppress and abuse the Plaintiff.

(k) The Defendants violated 15 U.S.C. §1692e(10) by using false representations and deceptive means in an attempt to collect an alleged debt.

(l) The Defendants violated 15 U.S.C. §1692e(10) by using false representations and deceptive means in an attempt to collect an alleged debt (i.e., threatening suit when they had no intention of so proceeding).

(m) Defendants violated 15 U.S.C. §1692e(3) by falsely representing itself to be a law firm or in house attorneys.

WHEREFORE, Plaintiff, MARCUS KYLE MINER, respectfully prays judgment be entered against the Defendants, BENCHMARK, THORN, and DURST for:

a) Declaratory judgment that Defendants' conduct violated the FDCPA;
b) Maximum statutory damages pursuant to the FDCPA, 15 U.S.C. §1692k;
c) Actual damages pursuant the FDCPA;
d) Costs and reasonable attorneys' fees pursuant to the FDCPA, 15 U.S.C. §1692k;
e) Any other relief that this Honorable Court deems appropriate.

## VI. – COUNT TWO
## NEGLIGENCE BY THE DEBT COLLECTORS

27. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-six (26) above listed.

28. The acts of Defendants, BENCHMARK, THORN and DURST, as described above were done negligently, intentionally and maliciously with the purpose of inflicting severe emotional distress on the Plaintiff.

29. As a direct and proximate result of one or more of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, MARCUS KYLE MINER, respectfully prays judgment be entered against the Defendants, BENCHMARK, THORN, and DURST for:

a) Actual damages for negligence;

b) Actual damages for intentional infliction of severe emotional distress;

c) Punitive damages to exceed $10,000.00 for negligence and for intentional infliction of severe emotional distress;

d) Costs and reasonable attorneys' fees;

e) Any other relief that this Honorable Court deems appropriate.

## VII. – COUNT THREE
## NEGLIGENCE BY THE CREDITOR

30. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-nine (29) above listed.

31. That the Defendant, BANK OF THE WEST, has a duty to exercise care in selecting, instructing and supervising the debt collection firms they hire to collect consumer debts. That said Defendant has breached that duty,

32. That the Defendant, BANK OF THE WEST was negligent in that it should have been aware of the malicious actions of the Defendants, BENCHMARK, THORN and PHILLILPS in

collection of the consumer debts assigned to them to collect. That Defendant, BANK OF THE WEST should have known that its' debt collectors were not following federal mandates set out under the FDCPA in collection of its' debts.

33. As a direct and proximate result of the negligence of Defendant, BANK OF THE WEST, Plaintiff has suffered emotional distress.

34. That the actions of Defendant, BANK OF THE WEST as described above were done negligently, intentionally and maliciously with the purpose of inflicting severe emotional distress on the Plaintiff.

WHEREFORE, Plaintiff, MARCUS KYLE MINER, respectfully prays judgment be entered against the Defendant, BANK OF THE WEST for:

    a) Actual damages for negligence;

    b) Actual damages for intentional infliction of severe emotional distress;

    c) Punitive damages to exceed $10,000.00 for negligence and for intentional infliction of severe emotional distress;

    d) Costs and reasonable attorneys' fees;

    e) Any other relief that this Honorable Court deems appropriate.

## VIII. – COUNT FOUR
### VIOLATIONS OF THE OKLAHOMA CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges and incorporates by reference paragraphs one through thirty-four (34) above listed.

36. That the actions of Defendant, BANK OF THE WEST violated the Oklahoma Consumer Protection Act in that they were and are a deceptive and unfair trade practice which offends established public policy, are immoral, unethical, oppressive, unscrupulous and substantially in injurious to consumers such as the Plaintiff.

WHEREFORE, Plaintiff, MARCUS KYLE MINER, respectfully prays judgment be entered against the Defendant, BANK OF THE WEST for:

    a) Maximum statutory damages pursuant to the Oklahoma Consumer Protection Act 15

O.S. § 752 *et seq.*;

b) Costs and reasonable attorneys' fees;

c) Any other relief that this Honorable Court deems appropriate.

Respectfully Submitted:  /s/ *Joseph B. Miner*

JOSEPH B. MINER, OBA #6249
MINER & ASSOCIATES P.C.
3035 NW 63rd Street, Suite 200
Oklahoma City, OK  73116-3606
Telephone:  (405) 848-0346
Facsimile (405) 848-7569

ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED